UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Reed, | ) C/A No.: 4:13-1514-JFA-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Dr. P. Drago; Dr. John Tomarcho | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on June 4, 2013, alleging a violation of his constitutional rights. On November 13, 2013, Defendant Tomarcho filed a motion for summary judgment. As the Plaintiff is proceeding *pro se*, the court issued an order on or about November 15, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendant's motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.[2]

---

[2] On August 5, 2013, the USM-285 was returned unexecuted as to Dr. P. Drago with a brief notation by the Marshal noting "no forwarding address according to D/NC." (Doc. #15). A proper form order was issued on October 1, 2013, informing Plaintiff that it his responsibility to provide sufficient, accurate and complete information on the Forms USM-285. Plaintiff was given twenty-one days to update the service form with a correct address for Defendant Drago. Plaintiff replied with a letter stating that he did not have a better address and that if the court could not obtain an address, it should make Defendant Tomarcho respond for Defendant Drago. (Doc. #31). In the memorandum in support of summary judgment, Defendant Tomarcho states that Defendant P. Drago was not served with the complaint within 120 days after its filing as required by Rule 4(m) of the FRCP and should be dismissed from the case. (Doc. # 32-1). Accordingly, in addition to a dismissal of this complaint under Rule 41(b), it is recommended that Dr. Drago be dismissed for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

                Respectfully submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

December 31, 2013
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**